**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CLF F1, an individual; and CLF F2, an individual, | Civil Action No. 3:25-cv-01051-SVN |
| *Plaintiffs*, | |
| v. | |
| COOPERSURGICAL, INC., | |
| *Defendant*. | September 8, 2025 |

**PLAINTIFFS' UNOPPOSED MOTION TO MAINTAIN ACTION UNDER PSEUDONYMS**

In response to the Court's Order dated August 21, 2025 (ECF No. 22), Plaintiffs CLF F1 and CLF F2 (collectively, "Plaintiffs") respectfully move to maintain this action under pseudonyms. Plaintiffs limit their motion to proceed pseudonymously for pretrial purposes—not during jury selection and trial—and reserve the ability to seek such trial-related relief before the trial date.

Plaintiffs have conferred with counsel for Defendant CooperSurgical, Inc. ("Defendant" or "CooperSurgical"), who confirmed Defendant does not oppose this motion. Declaration of Tracey B. Cowan ("Cowan Dec.") ¶ 2.

**I.      BRIEF FACTUAL BACKGROUND**

As detailed in their Complaint (ECF No. 1), Plaintiffs are a couple who underwent in vitro fertilization ("IVF") and have been irreparably harmed in their fertility journey due to Defendant's conduct.

Seeking fertility treatment for any reason, usually due to an inability to conceive naturally, is a very personal and private matter. Should Plaintiffs be forced to use their true names, a quick

Google search, let alone more comprehensive background searches, would reveal to the public that they could not conceive without assistance. It also could disclose other sensitive medical information, including the fact that Plaintiffs underwent extensive fertility testing which revealed significant medical conditions requiring IVF treatment. Plaintiffs' neighbors, coworkers, and other acquaintances with whom Plaintiffs have not shared such intimate details would become privy to these very private aspects of Plaintiffs' lives.

Defendant will not be prejudiced by Plaintiffs proceeding under pseudonyms. Plaintiffs are willing to provide their true names confidentially to defense counsel. Moreover, almost all of the other plaintiffs who have filed similar claims against Defendant are litigating their claims pseudonymously. Cowan Dec. ¶ 3.

## II.     PLAINTIFFS SHOULD BE PERMITTED TO PROSECUTE THIS ACTION UNDER PSEUDONYMS

In adjudicating a motion to proceed pseudonymously, "district courts must balance a plaintiff's interest in anonymity against both (a) the public interest in disclosure and (b) the potential prejudice to defendants when determining whether to permit a plaintiff to proceed under a pseudonym." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 186-87 (2d Cir. 2008). Here, where the nature of Plaintiffs' allegations concern some of their most private and sensitive information, and where Defendants would not be prejudiced by Plaintiffs' proceeding with pseudonyms, the motion should be granted.

In *Sealed Plaintiff*, the Second Circuit outlined a non-exhaustive list of factors to consider when deciding whether a party can proceed under a pseudonym, including: 1) the sensitivity or personal nature of the matters involved, 2) risks of retaliatory harm to the plaintiffs or other non-parties, 3) risks of other harms, 4) the vulnerability of the plaintiff, including in light of his or her age, 5) whether the defendants include the government or private parties, 6) any prejudice to the

defendant, 7) if the plaintiff has kept his or her identity confidential thus far, 8) the public interest in disclosure, 9) factors weighing against a public interest, and 10) the existence of alternative methods of protecting confidentiality. *Id*. at 190. The vast majority of these factors weigh in favor of permitting Plaintiffs to proceed pseudonymously.

First, the Plaintiff-specific issues in this case are of a highly sensitive and personal nature. The case will involve why Plaintiffs needed to seek fertility treatments, including, among many other sensitive matters, their efforts to conceive, the medical conditions that required IVF, and the outcomes of those cycles. Public disclosure of such information would expose highly personal medical and reproductive history, as well as the couple's private decisions about whether and how to continue building their family. These intensely private matters strongly support allowing Plaintiffs to proceed under pseudonyms.

Notably, courts throughout the country have recognized the ability to use pseudonyms in cases involving such sensitive subject matter. *See, e.g.*, *Roe v. Wade*, 410 U.S. 113 (1973). The judiciary has routinely recognized that a person's fertility journey and the decision to undergo IVF are paradigmatic examples of such highly personal and sensitive matters. *See, e.g.*, *Doe v. Conceptions Reproductive Assocs., Inc.*, Case No. 25-cv-00009-NYW-CYC, 2025 WL 1617189 at *3 (D. Colo. May 6, 2025) (granting motion to proceed pseudonymously because the case involved private information of plaintiff's fertility treatment and reproductive health); *E.M. v. Shady Grove Reproductive Sci. Ctr., P.C.*, Case No. 24-956 (RC), 2025 WL 947515 at *1 n.1 (D. D.C. March 28, 2025) (permitting plaintiff in case against fertility clinic for mishandling of plaintiff's eggs "to proceed under pseudonym because this lawsuit involves highly sensitive medical information concerning both [plaintiffs]").

Similarly, for the second and third factors, Plaintiffs and third parties, including any subsequent children they might have, could face retaliation and further emotional hardship if they

are forced to reveal publicly their names in this litigation. In addition to the hardships of publicly associating one's name with the sensitive matters discussed above, Plaintiffs and third parties fear retribution and physical harm if their names are divulged publicly. Assisted reproductive technology, while far more common than in decades past, is still a very controversial topic among certain groups that oppose the practice on religious and moral grounds. In today's hyper-political environment, it is not difficult to anticipate targeted protests and even violence—up to and including bombings of fertility clinics—that could be directed at Plaintiffs, an egg donor, or a gestational surrogate. These risks weigh heavily in favor of permitting pseudonyms.

While the fourth and fifth factors (age and claims against the government) are not applicable here, the lack of prejudice to Defendant (the sixth factor) is clear. Plaintiffs already have disclosed confidentially to Defendant their true names. Not only has Defendant confirmed it does not oppose Plaintiffs' motion, but CooperSurgical has agreed to plaintiffs proceeding under pseudonyms in similar litigation throughout the country. Cowan Dec. ¶¶ 2-3.

Turning to the seventh, eighth, and ninth factors, Plaintiffs' identities have remained confidential. Plaintiffs in this case have not made any public statements, and they will refrain from doing so as to keep their names private. Further, while this case is important, it is not the type of matter where publicly knowing the identities of the plaintiffs is necessary or warranted. Lastly, Plaintiffs' counsel is unaware of any other reasonable measure to protect Plaintiffs' confidentiality. The undersigned out-of-state counsel focus their work on representing victims of fertility-treatment misconduct. Cowan Decl. ¶ 4. Their clients around the country routinely proceed pseudonymously. Plaintiffs' counsel have represented hundreds of such clients—virtually all of whom have been permitted to proceed pseudonymously. The main exception to proceeding pseudonymously is when the plaintiffs themselves intentionally sacrificed confidentiality in order to make public statements. Cowan Dec. ¶ 4.

Here, Plaintiffs have not made any public statements about Defendant or their claims. Cowan Dec. ¶ 5. Thus, because the substantial majority of the *Sealed Plaintiff* factors weigh in favor of protecting their anonymity, and because there is no opposition from Defendants, Plaintiffs respectfully request that they be allowed to proceed with pseudonyms during pretrial proceedings in this action.

### III.    CONCLUSION

As set forth above, Plaintiffs respectfully request to proceed under pseudonyms during pretrial proceedings.

CLARKSON LAW FIRM, P.C.

By:    _/s/ Tracey B. Cowan_
Tracey Cowan (*PHV application forthcoming*)
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: (213) 788-4050
Email: tcowan@clarksonlawfirm.com

HURWITZ SAGARIN SLOSSBERG & KNUFF, LLC

David Slossberg (ct409595)
Julie V. Pinette (ct30573)
135 Broad Street
Milford, CT  06460
Telephone: (203) 877-8000
Email: DSlossberg@hssklaw.com
        ENolan@hssklaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on September 8, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

_/s/ Julie V. Pinette_
Julie V. Pinette